IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARLENE McFOLLING,

      Plaintiff,

v.                                                     CIVIL ACTION NO. 2:17–cv–02596

BOSTON SCIENTIFIC CORPORATION,

      Defendant.

MEMORANDUM OPINION AND ORDER
(Defendant's Motion for Summary Judgment)

      Pending before the court is the Motion for Summary Judgment [ECF No. 19] filed by defendant Boston Scientific Corporation ("BSC"). Also pending is the Plaintiff's Motion to Replace Her Response in Opposition to Defendant's Motion for Summary Judgment [ECF No. 26]. BSC has not responded to the plaintiff's Motion, and the time for responding has expired. Thus, both Motions are ripe for adjudication. As set forth below, the Motion to Replace Response [ECF No. 26] is **GRANTED**, and the Motion for Summary Judgment [ECF No. 19] is **GRANTED in part** and **DENIED in part**.

I.    Background

      This action involves a Florida plaintiff who was implanted with the Obtryx Transobturator Mid-Urethral Sling System and the Pinnacle Pelvic Floor Repair Kit, mesh products manufactured by BSC, on February 17, 2009 in Orlando, Florida. This case resides in one of seven MDLs assigned to me by the Judicial Panel on

Multidistrict Litigation ("MDL") concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the six remaining active MDLs, there are nearly 14,000 cases currently pending, approximately 2700 of which are in the BSC MDL, MDL No. 2326.

In an effort to manage this MDL efficiently and effectively, I decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, I selected certain cases to become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. I enter a docket control order subjecting each active case in the wave to the same scheduling deadlines, rules regarding motion practice, and limitations on discovery. *See, e.g.*, Pretrial Order ("PTO") # 165, *In re Bos. Sci. Corp. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02326, June 21, 2017, http://www.wvsd.uscourts.gov/MDL/boston/orders.html. The instant case was selected as part of BSC Wave 3.

II.   **Legal Standards**

    A. **Summary Judgment**

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

      The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To discharge this burden, the moving party may produce an affidavit to demonstrate the absence of a genuine issue of material fact. *See id.* The moving party, however, is not required to do so and may discharge this burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; *see also Pumphrey v. C.R. Bard, Inc.*, 906 F. Supp. 334, 336 (N.D. W. Va. 1995). If the moving party sufficiently points out to the court those portions of the record that show that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to come forward with record evidence establishing a genuine issue of material fact. *Pollard v. United States*, 166 F. App'x 674, 678 (4th Cir. 2006) (citing *Celotex, Corp.*, 477 U.S. at 325).

      Should the burden shift, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Id.*

at 252. Likewise, conclusory allegations or unsupported speculations, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997). Summary judgment is therefore appropriate when, after adequate time for discovery, the moving party first discharges the initial burden and then the nonmoving party does not make a showing sufficient to establish a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322–23.

### B. Choice of Law

The parties agree that Florida choice-of-law principles apply to this case and that these principles compel the application of Florida substantive law to the plaintiff's claims.

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citations omitted). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as the plaintiff did in this case, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Bos. Sci. Corp.*, 2:12–cv–05762, 2014 WL 202787, at

\*4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). In this case, the implantation surgery took place in Florida. Thus, Florida's choice-of-law principles guide the court's choice-of-law analysis.

"Florida applies the 'significant relationship test' as set forth in the Restatement (Second) of Conflict of Laws to choice of law issues arising from tort claims." *Crowell v. Clay Hyder Trucking Lines, Inc.*, 700 So. 2d 120, 122 (Fla. 1997) (citing *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999 (Fla. 1980)).

> Under this two-part test, the court must determine which state has the most significant contacts between the parties and the accident, in light of the policy considerations set forth in section 6 of the Restatement. Thus, in personal injury actions the law of the state where the injury occurred applies only when there is no other state with a more significant interest. Restatement (Second) Conflict of Laws §§ 145, 175 (1971); *State Farm Mut. Auto. Ins. Co v. Olsen*, 406 So. 2d 1109 (Fla. 1981).

*Id.* at 123.

Here, the plaintiff is a Florida resident, received her implants in Florida, and suffered her alleged injuries in Florida. Accordingly, I **FIND** that Florida has the most significant relationship to the lawsuit, and I apply Florida's substantive law to this case.

### III.  Analysis

BSC argues that it is entitled to summary judgment on all of the plaintiff's claims because they lack a legal or evidentiary basis.

### A. Conceded Claims

The plaintiff concedes the following claims: Count III (Strict Liability – Manufacturing Defect); Count V (Breach of Express Warranty); Count VI (Breach of Implied Warranty); and Count VIII (Discovery Rule, Tolling, and Fraudulent Concealment). Accordingly, BSC's Motion regarding these counts is **GRANTED**.

### B. Remaining Claims

I **FIND** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by BSC. Accordingly, BSC's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that BSC's Motion for Summary Judgment [ECF No. 19] is **GRANTED** with respect to Count III (Strict Liability – Manufacturing Defect); Count V (Breach of Express Warranty); Count VI (Breach of Implied Warranty); and Count VIII (Discovery Rule, Tolling, and Fraudulent Concealment), and these claims are **DISMISSED with prejudice**. It is further **ORDERED** that the Motion is **DENIED** with respect to Count I (Negligence), Count II (Strict Liability – Design Defect), Count IV (Strict Liability – Failure to Warn), and Count IX (Punitive Damages). It is further **ORDERED** that the Plaintiff's Motion to Replace Her Response in Opposition to Defendant's Motion for Summary Judgment [ECF No. 26] is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   July 27, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE